# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50206 | **DATE** | 6/15/2001 |
| **CASE TITLE** | Gallentine vs. Sterling Farm & Fleet et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is denied in part and granted in part. The parties are ordered to schedule a settlement conference with the Magistrate Judge within the next 30 days.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JUN 15 2001 | |
| | Notified counsel by telephone. | | date docketed | 26 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 6-15-01 | |
| | | | date mailed notice | |
| /LC | courtroom deputy's initials | 2001 JUN 15 AM 11:02 Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Judy Gallentine, has filed a two-count complaint against defendants, Sterling Farm & Fleet, Inc., and Blain Supply, Inc. She claims defendants discriminated against her on the basis of her disability, sex, and age, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), Title VII of the Civil Rights Act of 1964, id. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), respectively. Jurisdiction and venue are proper under 42 U.S.C. §§ 2000e-5(f)(3), 12117(a) and 28 U.S.C. §§ 1331, 1391. Before the court is defendants' motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56.

Defendants effectively doomed their own motion as to plaintiff's ADA claim by not submitting a concise reply to plaintiff's statement of additional facts under Local Rule 56.1 ("LR 56.1") and thereby admitting those facts for purposes of this motion. See N.D. Ill. R. 56.1(a). In their supporting briefs, defendants concede plaintiff has a disability and focus instead on whether she is an "otherwise qualified individual" who could perform the "essential functions" of her job "with or without reasonable accommodation." 42 U.S.C. §§ 12112(b)(5)(A), 12111(8). But many of the uncontroverted facts in plaintiff's LR 56.1 statement go right to the heart of these issues. For example, plaintiff's evidence leaves open to question whether some of the job requirements defendants relied on, such as lifting more than ten pounds or continuous standing and walking, were in fact "essential functions" for the positions of "Return Goods Clerk," "Retail Store Cashier," or "Service Counter Clerk." Plaintiff has also provided evidence that the accommodations she requested – to have a coworker provide assistance with heavy lifting and to either have a stool to sit on or be reassigned to a sitting position – were reasonable and would have allowed her to perform the essential functions of her job. Finally, defendants may have misunderstood plaintiff's requested accommodations and prematurely caused a breakdown in the interactive process when they did not respond to a letter from plaintiff's counsel, in which he clarified what accommodations plaintiff was seeking and asked defendants to reconsider their decision to not accommodate her. On a final note, defendants are right to point out, and the court is similarly troubled by, some of the statements plaintiff made in her application for Social Security disability benefits around the same time as her termination. Nonetheless, in light of the undisputed evidence noted above, the court finds plaintiff has provided a sufficient explanation and made the necessary affirmative showing that, despite the inconsistencies between her Social Security application and her subsequent deposition and affidavit regarding her disabilities, a reasonable jury could still conclude she was able to perform the essential functions of her job at Farm and Fleet with reasonable accommodations. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 807 (1999); Weigel v. Target Stores, 122 F.3d 461, 467-68 (7th Cir. 1997); McCreary v. Libbey-Owens-Ford Co., 132 F.3d 1159, 1165 (7th Cir. 1997).

Plaintiff's Title VII and ADEA claims do not fare as well. Applying the familiar burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S.C. 792 (1973), to plaintiff's age and sex discrimination claims, see O'Regan v. Arbitration Forums, Inc., 246 F.3d 975, 983 (7th Cir. 2001), the court finds plaintiff is unable to get beyond the prima facie case because she has failed to carry her burden of showing that similarly situated individuals who were not members of her protected classes were treated more favorably than her. See Biolchini v. General Elec. Co., 167 F.3d 1151, 1153 (7th Cir. 1999) (plaintiff bears burden to establish prima facie case). The Seventh Circuit has noted that there is no "magic formula" for determining whether someone is similarly situated to the plaintiff; instead the court must look at all relevant factors, which depend on the context of the case. See Chavez v. Illinois State Police, Nos. 99-3691, 00-1462, 2001 WL 543707, at *17 (7th Cir. May 23, 2001). Although plaintiff "need not show complete identity in comparing [her]self to the better treated employee," she still "must show substantial similarity." Radue v. Kimberly-Clark Corp., 219 F.3d 612, 618 (7th Cir. 2000). In general, this means plaintiff and the other employee must possess "shared common features essential to a meaningful comparison." Id. at 619.

To satisfy the "similarly situated" prong in this case, plaintiff needs to identify employees with physical restrictions comparable to hers (a permanent ten pound lifting restriction and assignment to a "sit down" only job) who were not denied accommodations for their restrictions. Plaintiff, however, devotes just one conclusory sentence in her response brief to this issue: "Plaintiff has also produced evidence that she was treated disparately from males and younger employees because of her age and sex." (Pl. Resp., p. 14) She then cites some facts in her LR 56.1 statement, none of which help her cause. To begin, most of the employees plaintiff points to were not "substantially similar" to her, either because they did not have any injuries at all requiring accommodations, the injuries they did have did not result in any restrictions requiring accommodation, the restrictions they had were temporary, or they did not request any accommodations for their restrictions. (Def. Exh., Strike Aff. ¶¶ 2-4, 6-9, 11-14; Pl. Exh. 3, Miller Aff. ¶ 36; Pl. Exh. 4, Nielsen Aff. ¶ 36) And while the two remaining employees – Dorothy Woodyatt and Karen Johnson – arguably may have had disability-related restrictions comparable to plaintiff's, they were not outside plaintiff's protected classes – i.e., both were female and only five years younger than plaintiff, who was fifty-five at the time of her termination. (Def. Exh., Strike Aff. ¶¶ 5, 10) In short, plaintiff has failed to identify any male or substantially younger employee with comparable physical restrictions who was not denied a requested accommodation. The court therefore finds plaintiff has failed to meet her prima facie case on her sex and age discrimination claims and accordingly grants summary judgment in favor of defendants on these claims.

For the reasons stated above, defendants' motion for summary judgment is denied in part and granted in part: plaintiff's Title VII and ADEA claims are hereby dismissed and plaintiff may proceed only on her ADA claim.